

CLERK, U.S. DISTRICT COURT

APR - 3 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT

APR - 4 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1

2          Priority
           Send
3          Clsd
           Enter
4          JS-5/JS-6
           JS-2/JS-3
5

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10   WANDA A. CAVALIER, an              Case No. 99-10175 CM (MANx)
     individual; CHRISTOPHER P.
11   CAVALIER, an individual,

12          Plaintiffs,

13       v.                            ORDER GRANTING IN PART AND
                                       DENYING IN PART DEFENDANTS'
14   THE JIM HENSON COMPANY, INC.,     MOTION TO DISMISS
     a New York Corporation; RANDOM
15   HOUSE, INC., a Nebraska
     Corporation; SIMON & SCHUSTER,
16   INC., a Delaware Corporation;
     CHILDREN'S TELEVISION
17   WORKSHOP, INC., a New York
     Corporation; CTW PUBLISHING
18   COMPANY, L.L.C., a joint
     venture, state unknown; and
19   DOES 1-10, inclusive,

20          Defendants.

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

23       Presently before the Court is Defendants' motion to dismiss

24   for failure to state a claim pursuant to Federal Rules of Civil

25   Procedure 12(b)(6).  On February 28 2000, at oral argument, the

26   parties agreed to convert the motion to dismiss into a motion for

27   summary judgment.  Here, the Court's Order is limited to the

28   issues of preemption or dismissal on other independent grounds.

     The Court does not address the merits of the Copyright cause of

1  action as that ruling is reserved for summary judgment.

2

3                         Factual Background

4      Plaintiffs Wanda Cavalier and Christopher Cavalier ("the

5  Cavaliers" or "Plaintiffs") developed several characters,

6  including Nicky Moonbeam, that are featured in children's

7  stories.  Plaintiffs copyrighted the works at issue between 1992

8  and 1995.  In 1996, Plaintiffs submitted their work to Defendant

9  Random House, Inc. ("Random House").  In 1998, Plaintiffs

10 submitted the work to all of the named defendants ( collectively

11 "Defendants").  The Defendants rejected the work of Plaintiffs

12 and elected not to publish the stories.  Thereafter, in February,

13 1999, Random House and Children's Television Workshop published

14 Good Night Ernie and Good Night Elmo, which Plaintiffs allege

15 infringe their work.  Plaintiffs allege that Defendants infringed

16 their materials and design for the children's books including

17 their design for a night light placed on the side of a book.

18 Defendants currently have a patent pending for the night light

19 before the Patent and Trademark Office.

20

21      Motion to Dismiss:  Fed. R. Civ. P. 12(b)(6) Standard

22     A Rule 12(b)(6) motion tests the legal sufficiency of the

23 claims asserted in the complaint.  A Rule 12(b)(6) dismissal is

24 proper only where there is either a "lack of a cognizable legal

25 theory" or "the absence of sufficient facts alleged under a

26 cognizable legal theory."  Balistreri v. Pacifica Police Dept.,

27 901 F.2d 696, 699 (9th Cir. 1990).  Moreover, "it is axiomatic

28 that the motion to dismiss for failure to state a claim is viewed

                                  2

1  with disfavor and is rarely granted."  Hall v. City of Santa
2  Barbara, 813 F.2d 198, 201, n.9 (9th Cir. 1986).

3          The issue on a motion to dismiss for failure to state a
4  claim is not whether the claimant will ultimately prevail but
5  whether the claimant is entitled to offer evidence to support the
6  claims asserted.  Gilligan v. Jamco Development Corp., 108 F.3d
7  246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6)
8  motion, the court must accept all material allegations in the
9  complaint as true and construe them in the light most favorable
10 to the non-moving party.  Barron v. Reich, 13 F.3d 1370, 1374
11 (9th Cir. 1994).  The court is not required, however, to accept
12 "conclusory legal allegations cast in the form of factual
13 allegations if those conclusions cannot reasonably be drawn from
14 the facts alleged."  Clegg, 18 F.3d at 754-55.

15      Rule 12(b)(6) must be read in conjunction with Rule 8(a)
16 which requires "a short and plain statement of the claim showing
17 that the pleader is entitled to relief."  5A Charles A. Wright &
18 Arthur R. Miller, Federal Practice and Procedure § 1356 (1990).
19 The notice pleading standard set forth in Rule 8 establishes "a
20 powerful presumption against rejecting pleadings for failure to
21 state a claim."  Gilligan, 108 F.3d at 248 (citations omitted).
22 Therefore, a court must not dismiss a complaint for failure to
23 state a claim unless "it appears beyond doubt that the plaintiff
24 can prove no set of facts in support of his claim which would
25 entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46
26 (1957); U.S. v. City of Redwood City, 640 F.2d 963, 966 (9th Cir.
27 1981).

28      Where plaintiff's complaint should be dismissed for failure

3

1  to state a claim, the plaintiff should be given "at least one

2  more chance to amend the complaint" under Fed. R. Civ. Proc.

3  15(a) before dismissing the action with prejudice.    Bank v. Pitt,

4  928 F.2d 1108, 1112 (11th Cir. 1991).    A plaintiff should be

5  denied leave to amend a complaint, if the court determines that

6  "allegations or other facts consistent with the challenged

7  pleading could not possibly cure the defect."    Schreiber

8  Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401

9  (9th  Cir. 1986).

10

11                            Analysis

12      1. Preemption: Federal Causes of Action

13          Defendants argue that Plaintiffs' trademark and false

14  designation counts are duplicative of its copyright cause of

15  action.    However, in the Ninth Circuit, copyright and Lanham Act

16  causes of action can be pled together as alternative bases for

17  liability.    See Nintendo of America, Inc. v. Trading Pacific

18  International, 40 F.3d 1007, 1011 (9th Cir. 1994) ("when a

19  Defendant violates both the Copyright Act and the Lanham Act, an

20  award of both types of damages is appropriate").    Therefore, the

21  Lanham Act claims can be pled in addition to the copyright cause

22  of action.

23

24      2. Preemption: State Causes of Action

25          Defendants also contend that all of the state causes of

26  action are preempted by the Copyright Act.    Section 301 of the

27  Copyright Act establishes a two-part test for preemption.    First,

28  the rights that the plaintiff asserts under state law must be

4

1 rights that are "equivalent to" those protected by the Copyright

2 Act.   17 U.S.C. § 301(a); <u>Kodadeck v. MTV Networks, Inc.</u>, 152

3 F.3d 1209, 1212 (9th Cir. 1998).  Second, the plaintiff's work

4 must fall within the "subject matter" of the Copyright Act.  <u>Id</u>.

5 It is undisputed that the Cavaliers' state law causes of action

6 satisfy the second prong of the preemption test as the Cavaliers

7 have copyrighted their literary works.  <u>See</u> 17 U.S.C. § 102.

8 Therefore, the Court will only address whether the state law

9 causes of action protect rights equivalent to those protected in

10 the Copyright Act.

11

12           A.  <u>Equivalent Rights</u>

13      As noted above, if a plaintiff's state claims are based on

14 rights equivalent to those protected by the federal copyright

15 laws, the claims are preempted.  Thus, to survive preemption,

16 "the state cause of action must protect the rights which are

17 qualitatively different from the copyright rights." <u>Del Madera</u>

18 <u>Properties v. Rhodes and Gardner, Inc.</u>, 820 F.2d 973,977 (9th

19 Cir. 1987).  The state claim must have an extra element which

20 changes the nature of the cause of action.  <u>Id</u>.

21

22           (a) Intentional Infliction of Emotional Distress

23      Plaintiffs' intentional infliction of emotional distress

24 cause of action also contains an extra element.  The Cavaliers

25 must prove that the Defendants' conduct was "outrageous ...

26 beyond all bounds of decency." Witkin, 5 Torts section 404(a),

27 1988.

28

5

1              (b) Breach of Contract

2       Plaintiffs' breach of contract cause of action also involves

3  extra elements.  The contract at issue included requirements of

4  secrecy which are outside of the Copyright Act.  Moreover, breach

5  of contract causes of action are generally beyond the scope of

6  the Copyright Act's preemption. Nimmer on Copyright, §

7  1.01[b][1], 1999.

8

9          (c) Misappropriation of trade secrets

10      The Cavaliers' cause of action for misappropriation of trade

11  secrets also escapes preemption.  "Actions for disclosure and

12  exploitation of trade secrets require a status of secrecy, not

13  required for copyright."  Id. at § 1.01[b][1][h].

14

15              (d) Theft of Ideas

16      Plaintiffs can proceed with this cause of action.  Copyright

17  protects expressions of ideas not merely ideas themselves.  Sid &

18  Marty Krofft Television Productions, Inc. v. McDonald's Corp.,

19  562 F.2d 1157, 1165 (9th Cir. 1977).  Therefore, the scope of

20  this tort is qualitatively different from the scope of the

21  Copyright Act.

22

23            (e) Unfair Competition

24      Plaintiffs' unfair competition claim under California law is

25  not preempted by the Copyright Act.   "[U]nfair competition shall

26  mean and include an unlawful, unfair or fraudulent business act

27  or practice." California Business & Professions Code § 17200.

28  Here, the extra elements involved in proving a misappropriation

1  of trade secrets claim or a theft of ideas claim would similarly

2  constitute "extra elements" under the unfair competition cause of

3  action.

4

5  3.   State Causes of Action: Failure to State a Claim

6

7       A. Patent Fraud

8       Here, Plaintiff alleges a claim for "Patent Fraud."

9  However, Defendants' patent is pending and has not yet been

10 approved.   Therefore, Plaintiffs cannot assert all of the

11 necessary elements for a patent fraud cause of action as the

12 alleged "fraud" has not yet been successfully completed. See C.R.

13 Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1364 (Fed. Cir.

14 1998) (requiring that fraud be successfully completed).

15 Plaintiffs must initiate an interference action before the Patent

16 and Trademark Office in order to litigate their patent rights.

17 See Deltec, Inc. v. Laster, 326 F.2d 443, 444 (6th Cir. 1964).

18

19      B. Constructive Trust

20      Constructive trust is a remedy under California law rather

21 than a cause of action.   Stanfield v. Starkey, 220 Cal.App.3d 59,

22 74 (1990).   Therefore, this cause of action is dismissed.[1]

23 //

24

25      [1] At oral argument, Defendants asked the Court to consider
   whether Plaintiff's twelfth claim for an accounting should be
26 dismissed.   Defendants asserted that it was a remedy rather than
   a cause of action.   However, Defendants did not make the
27 contention in the moving papers, therefore, the Court will not
   rule on the matter.
28

7

Conclusion

For the reasons set forth above, the Court grants the motion to dismiss in part and denies the motion to dismiss in part. The cause of action for constructive trust is dismissed with prejudice. The cause of action for patent fraud is dismissed without prejudice. However, Plaintiffs cannot amend their patent fraud claim at this time as the patent has not been approved.


IT IS SO ORDERED.

DATED: April 3, 2000

Carlos R. Moreno
United States District Judge